# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60860
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2019

Lyle W. Cayce
Clerk

MARIA ROMELIA SURIANO-LAINE,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 114 927

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Maria Romelia Suriano-Laine petitions for review of the order of the Board of Immigration Appeals (BIA) denying her appeal from the order of the immigration judge (IJ) denying her motion to reopen and rescind her in absentia removal order, in which she asserted that she had not received proper notice of her removal proceedings.  We review the BIA's decision under a deferential abuse of discretion standard, overturning only if it was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60860

"capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017) (internal quotation marks and citation omitted).

Suriano-Laine asserts that she is illiterate and therefore the notice to appear did not provide actual notice of the date and time of her removal proceeding or of the consequences of failing to appear.  She also argues that, given her illiteracy, she was mentally incompetent and therefore entitled to "adequate safeguards" pursuant to 8 U.S.C. § 1229a(b)(3).  Even if illiteracy constitutes mental incompetence for purposes of § 1229a(b)(3), the only proof of illiteracy is counsel's conclusory assertion, proffered for the first time in the brief to the BIA challenging the IJ's denial of the motion to reopen.

Accepting Suriano-Laine's uncorroborated assertion that she was effectively unable to read or write in English, rendering the written notice insufficient to put her on actual notice, she makes no claim that she was unable to understand spoken Spanish, the language in which the Border Patrol agent explained the notice to her.  Furthermore, 8 U.S.C. § 1229(a)(1) and (b)(1) do not require notice in the alien's native language.  Suriano-Laine's presumptive understanding of the notice to appear is evidenced by her signature and fingerprint on the service certificate.  The record further establishes that Suriano-Laine was advised orally in Spanish that the failure to report for her immigration hearing might result in her deportation in absentia and that Suriano-Laine stated that she understood what was explained to her.

Suriano-Laine has not demonstrated that the denial of her motion to reopen constituted an abuse of discretion.  *See Hernandez-Castillo*, 875 F.3d at 203.  Accordingly, the petition for review is DENIED.